## Denison & Sherman Railway Company v. Railroad Commission of Texas.

Motion No. 977.  Decided June 27, 1902.

**Railroad Commission—Jurisdiction—Mandamus.**

The decision of the Railroad Commission that it had no jurisdiction over the issuing of bonds, by a suburban passenger road, was final; the Supreme Court could not issue mandamus to compel them to exercise the jurisdiction. Rev. Stats., arts. 4580, 4584f, 642 subd. 21.  (Pp. 671, 672.)

Motion for leave to file petition for mandamus, in an original proceeding in Supreme Court.

*Head & Dillard,* for petitioner.

BROWN, Associate Justice.—The motion for leave to file a petition for a writ of mandamus against the Railroad Commission of Texas is hereby overruled.

The allegations of the petition show that the applicant owns and operates a line of railroad extending between the cities of Sherman and Denison, a length of about eight miles, and into each city, running upon the streets of each to the extent of about five miles. It is engaged in carrying passengers in the cars which are operated within the limits of each city, and upon the line between the two cities. It does not carry freight upon its railroad, either between those cities or within their limits.

The corporation applied to the Railroad Commission of Texas for authority to issue stock and bonds, presenting all facts necessary under the statute to justify the issuing of such stock and bonds, but the Railroad Commission refused to take jurisdiction of the application, whereupon the motion now under consideration was filed in this court. The petition accompanies the motion, and contains the prayer that upon final hearing a peremptory writ of mandamus may be issued to the Railroad Commission, commanding it to entertain jurisdiction of the application to issue bonds, and to pass upon and determine the right of the applicant to do so.

Article 4584f contains this provision: "Should any company or corporation authorized to construct or operate a railroad in this State desire to issue bonds or other indebtedness, to be secured by lien or other mortgage on its franchise or property, in advance of the completion of

said railroad, it shall make application to and first procure the consent of the Railroad Commission thereto." That article prescribes the manner of proceeding before the commission to obtain the consent of that body to the issuance of the bonds.

Article 4580 of the Revised Statutes, so far as applicable to this question, reads as follows: "The terms 'road,' 'railroad,' 'railroad companies,' and 'railroad corporations,' as used herein, shall be taken to mean and embrace all corporations  *  *  *  that may now or hereafter own, operate, manage, or control any railroad, or part of railroad, in this State, and all such corporations,  *  *  *  as shall do the business of common carriers on any railroad in this State."

Subdivision 1. "The provisions of this chapter shall be construed to apply to and affect only the transportation of passengers, freight, and cars between points within this State, provided this chapter shall not apply to street railways nor suburban or belt lines of railways in or near cities and towns."

Article 4352 prescribes the requisites of the articles of incorporation for railroads, and subdivision 2 of that article contains the following: "Provided, however, that local suburban railways may be constructed for any distance less than ten miles from the corporate limits of any city or town, in addition to such mileage as they may have within the same."

Subdivision 21 of article 642 of the Revised Statutes, as amended by the Act of 1889, is in this language: "For the constructing, acquiring, and maintaining and operating street railways and suburban belt lines of railways within and near cities and towns for the transportation of freight or passengers, which may also construct, own, and operate union depots;  *  *  *  provided, that all street or suburban railways engaged in transporting freight shall be subject to the control of the Railroad Commission."

It is apparent that the first thing for the commission to determine was its jurisdiction over applicant's railroad. That question is by the law committed to the commission without any provision by which this court can revise its action. Its decision is final and conclusive, which would preclude this court from issuing the writ of mandamus prayed for, if, indeed, there might be a case in which such writ could be issued by this court to that body.