NORTH TEXAS TRANSFER & WAREHOUSE COMPANY v. STATE OF TEXAS.

No. 2796.   Decided February 7, 1917.

**1.—Railroad Defined.**

The word "railroad," as commonly understood, means a steam railroad engaged in the transportation of freight and passengers,—not embracing interurban electric, or street or tram roads, though all these are railroads in the broad generic sense of the word. (P. 238.)

**2.—Same—Statute—Express Business.**

In the statute levying an occupation tax on persons or corporations "doing an express business by railroad," that term should be interpreted as commonly understood, and so taken would not include a company doing an express business over electric interurban lines of road only. Such company was not liable for the tax imposed by article 7369, Rev. Stats., 1911 (Act of May 16, 1907, Laws, 30th Leg., p. 479, sec. 1, ch. 18, 1st Called Session.)   (Pp. 237-239.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State sued the North Texas Transfer & Warehouse Company to recover taxes, and had judgment. This was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Crane & Crane,* for plaintiff in error.—The word "railroad" as employed in article 7369, Revised Statutes, 1911, being unqualified by the context or by any prefix or suffix was intended by the Legislature to mean the ordinary, commercial steam railroad used for the transportation of both freight and passengers. Scott v. Farmers Natl. Bank, 97 Texas, 31; Railway Co. v. Railway Co., 2 Duvall (Ky.), 175; State v. Duluth Gas Co., 76 Minn., 96; Funk v. St. Paul Ry. Co., 61 Minn., 435; Elec. Co. v. Simon, 20 Ore., 60, 65; Mass. L. & T. Co. v. Hamilton, 32 C. C. A., 46, 88 Fed., 538; Manhattan Trust Co. v. Sioux City Cable Ry. Co., 68 Fed., 82; Railway Co. v. Johnson, 25 Pac., 1084; Riley v. Galveston City Ry. Co., 13 Texas Civ. App., 247, 35 S. W., 826; Sams v. St. Louis & M. R. Ry. Co., 73 S. W., 686, 174 Mo., 53, 61 L. R. A. ,475; Thomson-H.Elec. Co. v. Simon, 10 L. R. A., 251; Depp v. Chicago R. R., 36 Iowa, 52; Lookout Incline & L. L. R. Co. v. King, 59 S. W., 805; Street Ry. v. Int. Com. Com., 230 U. S., 324; Clinton v. Railway Co., 52 N. E., 192; Rev. Stats., 1911, art. 7369; sec. 10, now art. 7378, Rev. Stats.; sec. 21, art. 6405 et seq., Rev. Stats., 1911; Act 1876, beginning p. 146, top of p. 147; Act 1903, p. 204; Act 1907, sec. 1, p. 23, sec. 4, p. 24, sec. 5, p. 25, sec. 6, sec. 8, p. 26; Act 1907, p. 58, amending art. 1010, Rev. Stats.

*B. F. Looney,* Attorney General, and *Luther Nickels,* Assistant, for defendant in error.—The words "railway" and "railroad" are used interchangeably in chapter 17, title 115, Revised Statutes, 1911. Art. 6741, Revised Statutes, 1911, speaks of an interurban railway or railroad as "any such railroad." Art. 6749, Revised Statutes, 1911, speaks of an interurban "railroad" company. Interurban railway companies which transport freight are placed under the jurisdiction of the Railroad Commission. Acts of 1909, 2 S. S., p. 396; McAdow v. Kansas City W. Ry. Co. (Mo.), 164 S. W., 192; Malott v. Collinsville, etc., Ry. Co., 108 Fed., 318; Railway Co. v. Jacobs, 92 Ala., 199; Railway Co. v. Lewis, 148 Ala., 139; Rafferty v. Traction Co., 147 Pa. St., 589; Philadelphia v. Traction Co., 206 Pa. St., 35, 55 Atl., 762; Railway Co. v. Pittsburg, 104 Pa. St., 522; Hestonville, etc., R. Co. v. Philadelphia, 89 Pa. St., 210; El. Ry. Co. v. Lohe, 68 Ohio St., 101; Katzenberger v. Lawo, 90 Tenn., 235; Railway Co. v. Doyle, 4 Pickle (88 Tenn.), 747; Chicago v. Evans, 24 Ill., 52; Liberman v. Transit Co., 141 Ill., 140; Clinton v. Railway Co., 37 Iowa, 61; Bank v. R. R. Co., 13 Allen, 105; Savannah Ry. v. Williams, 117 Ga., 416; Egan v. St. Ry. Co., 78 Conn., 291; Bloxham v. St. Ry. Co., 36 Fla., 519; Riggs v. St. Francois, etc., Ry. Co. (Mo.), 96 S. W., 707; Iola El. Co. v. Jack-

son, 70 Kan., 791; Cedar Rapids, etc., Ry. Co. v. Cummins, 125 Iowa, 430; Elliott on Railroads, vol. 3, chap. 44; Rev. Stats., 1911, art. 7369. Section 1, article 10, Constitution of Texas, grants the power to construct and operate "a railroad" between any points within the State; chapter 17, title 115, Revised Statutes, 1911, confers upon interurban railroad companies the power of eminent domain to enable them to construct their "railroads" between cities.

*Templeton, Beall & Williams* also filed argument, representing the Electric Express and Baggage Company, engaged in the same business as plaintiff in error.

Mr. Justice YANTIS delivered the opinion of the court.

This suit was instituted by the State of Texas, through its Attorney General, in the District Court of Travis County, Texas, against the North Texas Transfer & Warehouse Company, alleging that it is engaged in doing an express business by railroad, and has been so engaged since July 16, 1907, and that it is indebted to the State of Texas, as an occupation tax, in the sum of 2½ per cent of its gross receipts for the years next preceding March 1, 1908, 1909, 1910, 1911, 1912 and 1913, together with 10 per cent penalties thereon.

The plaintiff in error, by its answer, denied that it had ever been doing an express business on a railroad in Texas. It admitted that it had been doing an express business on interurban electric railways; that the interurban railways upon which it has done business from time to time are the ones connecting Dallas, Texas, and Fort Worth, Texas; Galveston, Texas, and Houston, Texas; Dallas, Texas, and Sherman and Denison, Texas, and later the one connecting Dallas, Texas, and Cleburne, Texas, by way of Fort Worth, Texas, and that on these lines it did an express business, but did no express business on any steam railway. It denied that it was obligated to pay any occupation tax, and denied that it was its duty to make any report to the State.

The plaintiff in error admitted that it had collected the amounts of gross receipts on its express business transacted on interurban electric railways as set out in plaintiff's petition.

The trial was had before the District Court without a jury, and a judgment was rendered in favor of the State for the sum of $8249.79. with 10 per cent added thereto, or $824.97 as penalties, making a total of $9074.76. The plaintiff in error appealed from this judgment to the Third Court of Civil Appeals, in which court the judgment was affirmed. The case is brought here on the petition of the North Texas Transfer & Warehouse Company.

The question for our determination is, whether the plaintiff in error was subject to the payment of the occupation tax provided for by sections 1, 18 and 19 of chapter 18, Acts of 1907.

Section 1 thereof provides that "each and every individual, company, corporation or association doing an express business by railroad or

water in this State" shall annually make a report to the Comptroller
of Public Accounts, under oath, showing the amount of gross receipts
for charges and freights paid to or collected by such individual, com-
pany, corporation or association, on account of the moneys, goods and
merchandise or other freight carried. It further provides that any
such individual, company, corporation or association doing an express
business by railroad or water shall pay to the Treasurer of the State
of Texas an occupation tax annually equal to $2\frac{1}{2}$ per cent of its gross
receipts, as shown by its said report.

Section 19 provides that a failure to pay the tax provided for in
section 1 shall render the individual, company, corporation or asso-
ciation so remiss liable to pay to the State a penalty of 10 per cent
upon the amount of such tax.

By the plaintiff in error it is insisted that it has not been engaged
in doing an express business by railroad, within the meaning of such
Act of the Legislature. Its contention is, that such express business
by interurban railways was not included within the term "by railroad
or water," as used therein.

The word "railroad" in its generic sense is broad enough to include
any and all kinds of railroads. In this sense it would include steam
railroads, interurban railroads, street railroads, tram railroads, as well
as all other kinds. The question, however, for our decision is, in what
meaning was the word used in the statute referred to in fixing the class
of express companies to be taxed upon a gross receipts basis?

It plainly appearing that the word railroad was not used in a special
sense, as applied to art, or a particular trade or subject matter, it should
be understood as having been employed in said tax Act in its ordinary
signification. This is the construction required by statute to be placed
upon it. We are of opinion that in this sense the word railroad, as com-
monly understood, means a steam railroad engaged in the transporta-
tion of freight and passengers from one railroad depot to another. We
think this is the common, ordinary signification of the word as it is
employed by the public generally, who, when speaking of interurban
railways, seldom, if ever, call them railroads, and seldom, if ever, omit
to call them "interurbans" or "interurban railways." In addition to
this common use of the term, the word is used in this same sense when
employed in the various statutes dealing with the subject of railroads
and interurban railways. As so employed when interurban railways
are intended to be dealt with by the Legislature they are not called rail-
roads, but are referred to by using the word "interurban," "interurban
railroad," "interurban railway," or in some manner of description which
always includes the word "interurban" as descriptive of the kind of
railroads referred to. The word railroad, when it has been used alone
by Acts of the Legislature, so far as we are advised, is always used
in the sense of steam railroads. So giving the word railroad its com-
mon, ordinary signification, we think "interurban railroads" were not
intended to be included, and that a tax on express companies doing

business by interurban railways was not intended to be fixed.   Scott v. Farmers & Merchants National Bank, 97 Texas, 31, 75 S. W., 7-16; Denison & Sherman Railway Co. v. Railroad Commission of Texas, 95 Texas, 671, 69 S. W., 62; Riley v. Galveston City Railroad Co., 35 S. W., 826.   This view is strengthened by the fact that when this taxing Act in question was passed in 1907, interurban railway mileage in Texas consisted only of about thirty-two miles, being the single inter-urban railway which was being operated between Fort Worth and Dallas, and a gross receipts tax upon express companies doing business by interurban railways would not at that time have been a fruitful source of revenue, while it must be observed that at such time express companies were and had been for a long time engaged extensively in conducting their business by steam railroads, over which their business had been alone conducted in this State.   We think it plain that the Legislature in the taxing Act of 1907, did not intend to include inter-urban railways in the use of the term "doing an express business by railroad or water," and that express companies doing business only by interurban railway are not subject to the provisions of the Act.

The judgment of the Court of Civil Appeals and of the District Court are reversed and the cause is here rendered in favor of the plaintiff in error.

*Reversed and rendered.*