TEXAS ELECTRIC RY. v. BARTON.
(No. 6088.)

(Court of Civil Appeals of Texas. April 23, 1919. Rehearing Denied July 5, 1919.)

1. APPEAL AND ERROR ⟲215(1)—OBJECTION TO CHARGE—WAIVER.

Objection that trial court erred in submitting to jury question of defendant interurban railroad's failure to fence its right of way was an objection to the charge, and where not made in court below is waived, by force of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

2. APPEAL AND ERROR ⟲215(1)—WAIVER OF ERROR IN CHARGE—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, relative to waiver of error in charge by failure to object below, includes every error, fundamental and otherwise, which can be waived, though there are some errors, including jurisdiction of the subject-matter, which cannot be waived, and therefore included any error in submitting to jury question of defendant interurban railroad's failure to fence its right of way, on ground that such a road is not a railroad, within article 6603.

3. RAILROADS ⟲224 — FENCING RIGHT OF WAY—"RAILROAD" AS INCLUDING INTERURBAN ELECTRIC RAILWAY.

An interurban railway using electricity as a motor power is a "railroad," within Vernon's Sayles' Ann. Civ. St. 1914, art. 6603, requiring railroads to fence their rights of way, which is a remedial statute, to be liberally construed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Railroad.]

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by Celestina Barton against the Texas Electric Railway. From a judgment for plaintiff, defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant. R. O. Stotter, of Waco, for appellee.

KEY, C. J. This appeal is from a case tried in the county court, and therefore the jurisdiction of this court is final, and as, with one exception, the questions presented are neither new nor novel, no extended opinion will be prepared.

The plaintiff sued the defendant for damages on account of the death of two mules and injuries inflicted upon one horse, alleged to have been caused by the negligence of the defendant. All the questions presented in appellant's brief have been duly considered and decided against appellant, and the only one which we deem it necessary to discuss in this opinion is the suggestion of fundamental error, upon the theory that the defendant in the court below and appellant in this court is not a railroad, within the purview of article 6603, Vernon's Sayles' Civil Statutes, requiring railroads to fence their right of way.

[1] Appellant's proposition is that an interurban railway is not a railroad, and therefore the court erred in submitting the question of appellant's failure to fence its right of way to the jury. That constitutes an objection to the court's charge, and, as it was not made in the court below, it is waived

by force of article 1971, as amended by the Legislature in 1913. G., T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

[2, 3] Counsel for appellant contend that the statute referred to should not be construed so as to include fundamental errors. The language of the statute is as broad as it could well be made, and we hold that it includes every error which can be waived. Of course, there are some errors, including jurisdiction of the subject-matter, which cannot be waived; but the alleged error now in question is not one of that class. But if we are wrong in our views upon that subject, then we hold that an interurban railway, using electricity as motor power and operated as was the defendant's, is a railroad within the purview of the statute which provides for fencing railroad tracks. That is a remedial statute, enacted for the protection of life and property, and, as provided in the final title of the Revised Statutes, it must be liberally construed, in order that the legislative purpose may be carried into effect; and, giving it that construction, we hold that it includes such railroads as appellant was operating on the occasion in question.

In reaching this conclusion, we have not overlooked the decision of our Supreme Court in North Texas Transfer & Warehouse Co. v. State, 191 S. W. 550. We do not regard that case as entirely analogous, and we are not disposed to extend its doctrine beyond the class of cases which come clearly within its scope.

No reversible error having been shown, the judgment is affirmed.

Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes