Cravens, S. J.
The issue in this case was materially narrowed by the pleadings. By a fair construction of the answer of the defendant and the replication of the plaintiff, it is admitted that the note was made and indorsed in the State of Alabama, and that by the law of that State it was necessary, in order to fix .the liability of the indorser, that suit should be commenced at the first term of the court after the maturity of the notes, against the makers. Tliis is asserted to have been done on the one side, and .denied upon the other; and upon this the issue was joined.
*45 It was objected in the court below that the record from the County Court •of Wilcox county was not properly admissible under the pleadings a$ they then stood; this objection may as well be disposed of before proceeding further.
In Williams v. Hubbard and others, decided at the September Term, 1849, of 'the Supreme Court of the State of Hew York, which was an action commenced in 1847 on an adjournment bond given in a Justice’s Court against the surety, Oliver Hubbard. The action was covenant. “The defendant ■pleaded a special plea, alleging that the said bond was in the sum of two hundred dollars, and further, that the suit in the court below was adjourned by the consent of parties to the suit, and without consent or knowledge of the said defendant, to ninety days from joining issue. It was insisted that the bond had ceased to be binding upon the obligors, because the Suit before the justice was adjourned more than ninety days; the justice had not power to adjourn the ■suit more than ninety days without the agreement of parties. The declaration alleges that the cause was duly and regularly adjourned to a period beyond ninety days, but how duly and regularly adjourned we could have no means of determining, were it not that by the pleas it appears that it was done by consent of parties. The only formidable objection, says Mr. Justice Gray, is, that the declaration only alleges that the action before the justice was an action on the case for breach of promises, to which the defendant pleaded. From .all that appears, the promise declared upon might have been to indemnify failure of title to lands; and the plea put directly in issue a title to lands, a subject over which the justice had no jurisdiction. It was the plaintiff’s business to show by his declaration affirmatively that the justice had jurisdiction in the case in which he rendered judgment. This point would be fatal to the plaintiff, did not the defendant’s plea set up and show distinctly what the issues were before the justice, and that the controversy was one over which he clearly had jurisdiction. The rule is as stated by Gould in his Treatise upon Pleading, (chap. 3, sec. 192 :) ‘If one party expressly avers or confesses a material fact omitted on the other side, the omission is cured. It may thus be made to appear from the pleadings on both sides that the plaintiff is entitled to the judgment, although his own pleading, taken by itself, is insufficient.’ Hence it may be seen that although the plaintiff committed the first fault, the defendant has remedied it, and cannot now complain.”
To apply the rule here laid down by a court of high authority, it will be ■seen that the objection.to the admissibility of the record of the county court of Wilcox county, Alabama, cannot be maintained upon the ground that there was no averment iu the petition to support such proof.
Another objection presented by the bill of exceptions, taken on the trial in ■the court below, to the admissibility of the record is, that it was not properly ■authenticated. The act of the Congress of the United States, of 1790, is as follows : “ The records and judicial proceedings of the courts of any State shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge or presiding magistrate, as the case may be, that the attestation is in due form.” The statement of facts shows that the record Introduced on the trial below had not only the two certificates as required by ■this act, but that the clerk certified that the person who signed his name as judge was in fact so. This last certificate was mere surplusage aud could not vitiate a record otherwise regular.
An act of the Legislature'of the State of Alabama, regulating the rate of interest of that State, was also read to the jury as evidence of the rate of interest allowed by law upon notes of hand ; to which the defendant objected upon the ground that there was no averment in the petition that such laws existed in the State of Alabama.
The question here presented is, 'whether it is necessary for a party, who seeks to recover the interest of the lex loci contractus upon a note made in .another State of this Union, to aver the rate of interest that is allowed by the law of that State. Or shall he be allowed, after showing where the note was *46 made, to prove what the law of interest of that country was at that time the-contract matured.
Note 10. — Andrews v. ffoxie, post, 171; Grimes v. Hagood, 19 T., 216.
Note 11. — The court cannot take judicial cognizance of the laws of another State; and in the absence of averment and proof of foreign laws, the rights of parties must be determined by our own laws. (Crosby v. Houston, 1 TM 203; Bryant v. Kelton, 1 T.,434; Nimmo v. Davis, 7 T., 40; Buiford v. Holliman, 10 T., 5(50; Saddler v. Anderson, 17 T., 245; Wallace v. Burden, 17 T.„ 407; Bradshaw v. Mayfield, 18 T., 21; Grant v. Bledsoe, 20 T., 456.)
The right to recover interest does not seem to he one of those incidents that naturally follow upon parting with the use of money; hut on the contrary, according to an ancient dictum, “money is naturally barren; and to-make it breed money is preposterous, and a perversion of the end of its institution, which was only to secure the purposes of exchange, and not of profit.” The common law recognizes this principle to the fullest extent. According to-Mr. Blackstone, the common law proscribed the taking of any, the least interest for the loan of money as being a mortal sin. By statute, however, at this day interest is allowed to be collected in almost if not quite every civilized country in the world.
It is the settled law of this court that the statute laws of other States of this Union and the laws of foreign countries are facts that must, be proved by competent testimony before they can be noticed. (2 Tex. R., 348.)
H, as we have shown, tiie right to collect interest does not exist by the common law, but is dependent exclusively upon the statutes of the different countries for its existence, and if the court cannot take judicial notice of them, it is not easy to perceive upon what principle they would be admitted in evidence without an allegation corresponding with such proof. The contract evidenced by the note sued on is transitory in its character, and would be binding upon the maker, wherever he may be, for the amount that its face shows to be due. But unless interest is a legal consequence, that attaches to (his kind of an instrument., he is not bound to pay it. In this case it is not a legal consequence; it is shown that it was payable in the State of Alabama; and by the decisions of this court, where a note is shown to be payable in any other country than this, the interest of this country cannot be recovered. (Burton v. Anderson, 1 Tex. R., 96; Ramsey v. McCauley, 2 Tex. R., 189.)
Should the maker of a note made payable in Alabama desire to avail himself of a defense acquired under the laws of that State, as was the defense set up in this ease, would the plaintiff be apprised of the nature of that defense by the simple fact of its appearing in the defendant’s plea that this note was executed in the State of Alabama? Certainly not. If this kind of pleading would not be sufficient to apprise the plaintiff'of what the defendant relied on as a defense, and if the court cannot judicially know that by the laws of1 Alabama the defendant was bound to pay interest, the defendant would not, upon any principle of reason, be required to know that more was sought to be recovered of him than the instrument called for upon its face; or to prove what rate of interest was legally recoverable by the law of Alabama when the contract was made. We are therefore of opinion that the court below erred in admitting (she evidence of the rate of interest of the State of Alabama; for which the judgment of the court below must be reversed, and the cause remanded for a new trial.
Judgment reversed.