DOBY v. SANDERS. (No. 1228.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 24, 1917. Rehearing Denied Nov. 28, 1917.)

1. LANDLORD AND TENANT ⊚⇒321—VALIDITY OF AGREEMENTS—AMOUNT OF RENT.

Acts 34th Leg. c. 38, declaring null and void any contract for the leasing or renting of land for agricultural purposes where the land is cultivated by the tenant, who furnishes everything except the land, and where a higher or greater rental than one-third of the value of the grain or one-fourth of the value of the cotton raised on the land is stipulated for, did not apply to a lease of irrigated land, under which the landlord agreed to keep the irrigation engine and machinery in repair, where it appeared that this agreement was not trivial, but required the outlay of considerable expense in labor and material, and gave rise to a claim for damages for an alleged breach of the obligation to keep the machinery in repair.

2. PLEADING ⊚⇒403(3) — CURE BY SUBSEQUENT PLEADING.

In an action by the landlord for rent and advances, and to foreclose his lien on the crop, the failure of the petition to allege the agreement to keep the irrigation engine and machinery in repair, and thereby show that the statute was inapplicable, was cured by defendant's allegation of such agreement, there being no inconsistency between such allegation of the answer and the allegations of the petition.

3. APPEAL AND ERROR ⊚⇒1073(7)—HARMLESS ERROR—AMOUNT OF RECOVERY.

In an action for rent, under a lease stipulating for the payment of $20 an acre, where plaintiff sought to recover only one-fourth of the value of the crop, which was less than the stipulated rental, defendant was not prejudiced by fixing the recovery at one-fourth of the value of the crop when shipped, it appearing that part of the cotton had not been ginned when the first shipment was made, and defendant suggesting no other time as being more proper at which to fix the value.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by R. W. Sanders against J. G. Doby. From a judgment for plaintiff, defendant appeals. Affirmed.

Graham & Graham, of Plainview, for appellant. Y. W. Holmes and W. W. Kirk, both of Plainview, for appellee.

BOYCE, J. Appellee, Sanders, the landlord, sued appellant Doby, his tenant, to recover rent and advances and to foreclose the landlord's lien on the crop raised on the leased premises.

Plaintiff's petition alleged that plaintiff, in the spring of 1916, entered into a contract with defendant Doby, whereby he leased to the said Doby until January 1, 1917, for the sum of $20 per acre rental, an irrigated tract of land containing 55 acres, which it was contemplated would be planted in cotton; that defendant Doby raised on a portion of said land a cotton crop of the value of $4,150, using the balance of the land, about three acres, for watermelons; that plaintiff also made certain advances to defendant to enable him to raise said crop. The prayer was for judgment for one-fourth of the value of the cotton crop raised on said premises, whatever that might be found to be, the amount of the advances, and $20 per acre for the land planted in watermelons, and for a foreclosure of the landlord's lien and for general relief. The defendant excepted to the petition generally, and especially as to the allegation that plaintiff was entitled to a landlord's lien, on the ground that it appeared from the petition that the contract was void under the provisions of the Land Tenant Law of 1915, in that it provided for a greater rental than one-fourth of the value of the cotton raised on said land planted in cotton. The defendant further pleaded that the value of the cotton raised on said land was $3,419.39, and that said contract was void by reason of the

act above referred to. The defendant further pleaded that, as a part of the contract of rental, the plaintiff agreed to have the engine and well machinery, which was attached to and a part of the land rented, in good working condition, so that defendant would have water when called for to irrigate the land; that plaintiff failed to comply with this agreement, and by reason of such failure defendant was delayed in the irrigation of the cotton, from which it suffered to defendant's damage in the sum of $1,617.30, for which he prayed judgment.

The evidence showed that the rent contract, which was verbal, provided that Doby should pay the sum of $20 per acre on the 55 acres of land, and that as a part of the contract appellee, Sanders, agreed to keep in repair the engine and well machinery necessary to the pumping of the water to irrigate the land. The jury found that there was no breach by appellee of this agreement on his part, and under findings that the value of the cotton crop was $3,942.28, and that one acre of land was planted in watermelons, the court entered judgment for plaintiff for one-fourth of the value of the cotton crop, together with $20 for the rent of the acre in watermelons, and for the advances made to appellant, less a credit of $300, and the landlord's lien was foreclosed on 37 bales of the cotton raised on said premises, which were in storage in Galveston.

The principal contention of appellant is that as, under the allegations of the pleadings and the evidence on the trial, the contract provided for a money rental of $1,100 for the 55 acres of land, which would require the payment of rental on the land put in cotton in excess of one-fourth of the value of the crop raised thereon, the contract was void and no recovery could be had thereon; and, based on this contention, appellant presents assignments of error to the overruling of his demurrers to the petition and in the refusal of the court to instruct a peremptory verdict for the defendant, etc.

[1, 2] The particular provision of the Land Tenant Law (Laws 1915, p. 76) relied on by appellant is to the effect that the landlord's lien shall—

"not apply in any way nor in any case where any person leases or rents lands or tenements at will or for a term of years for agricultural purposes where the same is cultivated by the tenant who furnishes everything except the land, and where the landlord charges a rental of more than one-third of the value of the grain and more than one-fourth of the value of the cotton raised on said land, * * * and any contract for the leasing or renting of lands or tenements at will or for a term of years for agricultural purposes, stipulating or fixing a higher or greater rental than that herein provided for, shall be null and void, and shall not be enforceable in any court in this state by any action, either at law or in equity, and no lien of any kind, either contractual or statutory, shall attach in favor of the landlord, his estate or assigns, upon any of the property named, nor for the purpose mentioned in this article."

We do not think the contract in question, in any event, comes within the terms of this act, because the tenant under the contract was not to "furnish everything except the land." The agreement on the part of the landlord to keep the irrigation engine and machinery in repair, in our opinion, takes the contract without the terms of this provision. The irrigation of the land was a part of the labor and expense incident to the raising of a crop; the agreement was in effect to furnish the labor and material for repair of the machinery, which was to do the pumping. But for this agreement the landlord would have been under no legal obligation to perform this service. Therefore the tenant did not furnish everything incident to the raising of the crop except the land. That this agreement on the part of the landlord was not trivial appears from the fact that the evidence in this case shows that considerable trouble developed in the operation of such machinery, which evidently required the outlay of some considerable expense for labor and material to put it in working order, and from the further fact that as a result of the alleged breach of the obligation imposed thereby appellee was confronted with a claim for large damages. We are therefore of the opinion that under the evidence the plaintiff would have been entitled to recover under the contract the full amount of the rental provided by its terms, and the only question is as to the sufficiency of the pleading to permit a recovery of a part only of this, the plaintiff only having asked for judgment for one-fourth of the value of the cotton crop, and not having himself pleaded the agreement which we have held takes the contract out of the terms of the Land Tenant Law, relied upon by appellant to render the contract void. If it might be inferred from plaintiff's petition, considered alone, that the contract came within the terms of this act, still the defendant himself alleged an additional provision of the contract which showed that the contract was not subject to these provisions. There is no inconsistency between this allegation of the answer and the allegations of plaintiff's petition, and, as stated, the undisputed evidence shows that such agreement was a part of the contract. Numerous authorities support the conclusion that after judgment matters alleged in the answer may supply defects and deficiencies in the petition. Hill v. George, 5 Tex. 87; Hudson v. Willis Bros., 65 Tex. 694; Wright v. McCambell, 75 Tex. 644, 13 S. W. 293; Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; Arkansas Fertilizer Co. v. National Bank, 104 Tex. 187, 135 S. W. 529. We think the trial court was correct in the opinion announced by him after all the testimony was in, that plaintiff would have been entitled to recover the full amount of rental provided by the contract but for the fact that he prayed for judgment

for a less amount, of which fact the defendant could not complain.

[3] It appears that after the cotton was gathered 37 bales were shipped in three shipments of 14, 13 and 10 bales each to Galveston for storage, and the court submitted three issues to the jury, requiring a finding of the value of the cotton at the respective times of such shipments, and the judgment was based on the value so found. The appellant assigns error on the submission of these issues because, first, they are immaterial, plaintiff being entitled to recover, if anything, the fixed sum of $20 per acre on the contract; and, second, because they do not submit the correct time for determining such value. If we are correct in the conclusion that, but for the limitation of the amount of the recovery by the prayer, plaintiff would have been entitled to recover the full amount of the rentals provided by the contract, the defendant would not be prejudiced by the application of a rule for measuring the recovery which would necessarily result and which did result in a recovery of a less amount. Plaintiff's allegation as to the value of the cotton would perhaps have reference to the time when it was gathered and ready to be marketed in the ordinary course. This is a time which obviously might not be fixed with any great degree of exactness. It appears that the shipments were made to Galveston during November and December, 1916, and at least part of the cotton had not been ginned when the first shipment was made. It thus appears that the date of the shipments may be fairly said to represent, in a general way, the time when the tenant had the cotton ready to market. Appellant suggests no other time as being more proper at which to fix such values. We do not think these assignments show any error prejudicial to appellant, and therefore overrule them.

These holdings result in an affirmance of the judgment, and it will not be necessary for us to pass on the constitutionality of the act, which is attacked by appellee, or other questions as to the applicability of such act to contracts of this character and its effect upon them.

Affirmed.