## GEORGIA CASUALTY CO. v. DARNELL et al. (No. 6757.)*

(Court of Civil Appeals of Texas. San Antonio. May 10, 1922. Rehearing Denied June 21, 1922.)

1. **Master and servant ⚭386(1)—Compensation for death based on average daily wages in similar employment approved.**

Where a young mechanic had worked only six weeks when he was killed, and the testimony of the superintendent and the president of the plant fixed the average daily wage of employees doing that class of work at $4.50 per day, and the jury so found, a judgment for compensation based on the daily average of such employees according to the method provided for by Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) in case of injury to one who has worked less than a year, was authorized, though based on a higher rate of wages than deceased was earning.

2. **Master and servant ⚭405(6)—Lump sum compensation to parents for death of son warranted.**

In a proceeding under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), evidence *held* to warrant an award of lump sum payment to parents for the death of their son.

3. **Master and servant ⚭405(5)—Compensation claimant's dependency on son shown.**

In a proceeeding by parents under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for death of their son, evidence *held* to show they depended on his labor for support.

4. **Costs ⚭260(4)—Damages imposed where appeal for sole purpose of delay.**

Where on appeal from an award under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) the contentions of the insurer were so obviously devoid of merit as to warrant no other conclusion than that the appeal was not prosecuted in the hope or belief of reversing the judgment, but with the purpose of delay, it presented a case for the imposition of damages for delay.

On Motion for Rehearing.

5. **Pleading ⚭403(2)—Jurisdictional defect of petition cured by answer.**

Where an insurance carrier, being dissatisfied with an award, appeals by bringing action in the district court, filing its petition without alleging an adjudication by the Industrial Accident Board, the incorporation in defendant's answer showing such adjudication, if essential to show jurisdiction, would be construed in aid of the petition.

6. **Master and servant ⚭417(5)—Adjudication of compensation claim by board shown by certified copies of proceedings.**

Where the insurance carrier appeals from an award under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) by instituting suit in the district court, the proceedings and award of the Accident Board are not admissible in evidence upon trial (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), and the jurisdictional fact of adjudication by the board cannot be shown in that way but the adjudication is established where certified copies of the proceedings and award are filed among the papers in the court before trial showing such adjudication.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Proceedings under the Employers' Liability Act by J. W. Darnell and others to recover for the death of Marvin B. Darnell, opposed by the Axtell Company, employer, and Georgia Casualty Company, insurer. From award of the Industrial Accident Board, insurer appealed to the district court. Judgment for claimant, and insurer appeals. Affirmed.

Frank S. Anderson, of Galveston, and H. T. Cooper, of Fort Worth, for appellant.

Dexter W. Scurlock and Massingill & Belew, all of Fort Worth, for appellees.

SMITH, J. On November 4, 1920, Marvin B. Darnell, while employed as a mechanic by the Axtell Company, a Fort Worth concern, was caught in the machinery with which he was working, and so badly injured that he died on the following day as a result of such injuries. The young man lacked a month of being 21 years old at the time of his death. It is conceded that he was injured in the course of his employment with the Axtell Company, and that the company was a subscriber under the Texas Employers' Liability Act, under which it was insured in the Georgia Casualty Company, appellant herein. The State Industrial Accident Board in due time made an award of compensation to the parents of the dead boy, and against the Casualty Company, which appealed therefrom to the district court of Tarrant county. Upon a trial by jury the parents recovered a judgment against the company for $4,704.95. In answering special issues submitted to them, the jury found that the parents were dependent upon their son for support, that the average daily wages of employees of the class embracing the deceased for the year preceding the accident was $4.50 per day, and that a manifest hardship and injustice in the case would result to appellees if a lump sum settlement was not awarded to them. Appellant bases its appeal on three propositions of law, which we will consider in their order.

[1] Appellant's first proposition is best stated by quoting it:

"Appellees were not entitled to compensation based on a higher rate of wages than the employee was earning at the time of his death, because the uncontradicted testimony shows that the wages which the employee might have

been entitled to during the period of one year would be based upon the quality of work, and if the employee had worked a year and was doing the same class of work and the same amount of work, and was not doing any better work, he would not have been entitled to or received any increase in wages."

The Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) provides a distinct method of computing compensation for death of or injuries to employees situated as young Darnell was at the time of his death. Appellant is bound by that method: First, because it is a reasonable one and is fixed by a valid law; and, second, because appellant issued the policy here involved in view of the provisions of that law, thereby accepting and acquiescing in its provisions, and binding itself to a full compliance therewith.

If young Darnell had been employed in similar work throughout the year prior to his death, the statute provides that compensation for injuries resulting in his death should be arrived at by multiplying his average daily wage during the year by 300. But he had been employed in this sort of work only six weeks at the time of his death, thus rendering inapplicable that method of computation. In such contingency, that is, where the injured employee has worked less than a year in the particular employment in which he is engaged at the time of his death, the statute provides this method of computing an award:

"If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed." (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82.)

The quoted provision of the statute is the only authority cited by appellant in support of the proposition under consideration, which is, in effect, that if young Darnell had continued through the year to do the same class, quality, and amount of work, and no better work, than he did during the first six weeks, at the end of which period he was killed, the compensation must be based on no higher rate of pay than he was receiving at the time of his death. Without undertaking to follow and analyze this somewhat finely spun theory, we will simply say that it is inapplicable here. It is based upon the assumption, indulged in alone by appellant, that the young man was a slothful dullard, who would go through the full first year of his employment without making any improvement in the class, quality, or quantity of his work.

If any presumption is to be indulged, it should be to the contrary.

Appellant in its statement under this proposition purports to set out the whole of the testimony of F. W. Axtell, president of the company employing young Darnell, upon the issue of the latter's earning capacity, as if this quotation embraced all of the witness' testimony thereon, in which the witness testified, of course, that in the hypothetical case presented the employee would be earning no more at the end of the year than in the beginning of it. But no such hypothetical case exists here. The superintendent under whom young Darnell was employed testified that—

"This boy was of the ordinary average intelligence, or above; I would like to have had ten just like him."

He further testified that during the year prior to the death of the boy the average daily wage in that community of employees doing that class of work was $5 per day. Mr. Axtell, the president of the plant, and young Darnell's father, who was employed in the plant, each fixed the average at $4.50 per day. In this way, the requirement of the statute was fully met, and the testimony conclusively fixed the average to be at least $4.50 per day, and the jury found accordingly. The proposition advanced by appellant is without any merit whatever, and is not justified in any respect by anything in the record.

[2] Appellant's second proposition is that, "there being no facts alleged or proved showing, or tending to show, that manifest hardship and injustice would result from a refusal to award a lump sum settlement" to the parents of the deceased employee, the court erred in overruling appellant's special exception No. 2 and its exception No. 4 to the court's charge, and in rendering judgment for a lump sum. In the statement under this proposition neither the pleadings excepted to nor the exceptions to such pleadings are set out, in substance or otherwise, nor are the exceptions to the charge complained of, nor any of the evidence adduced under those pleadings. Without some statement made in the brief of these matters, this court is under no duty to consider them, or to search the record for them. We have examined the pleadings involved, however, as well as the exception thereto, and have also read the testimony thereunder, and conclude that both pleadings and evidence amply warrant the charge complained of, and support the finding of the jury on this issue, and the judgment based thereon.

The question of whether or not a manifest hardship and injustice would result from a denial of a lump sum award to appellees was primarily one of fact, to be determined by the jury, and their affirmative finding thereon should not be disturbed if supported by

substantial evidence. The pleadings, which are fully supported by testimony, specifically set out facts which show that weekly payments of the compensation awarded would accomplish very little towards ameliorating the precarious financial situation in which the untimely death of their son left appellees' family, and that a lump sum payment would go far towards that end. The family consisted of the parents; three daughters, the oldest being married and unable to contribute to the family's support, the second 19, and the third 10, years old, and two sons, aged 13 and 6, respectively. The father is 50 years old, and has never recovered from an attack of paralysis, suffered 2 or 3 years ago. He earns $125 to $130 a month while employed, and this is his only source of income. He does not own a home or any other property; he is in debt to his employer, and to others, has not been able even to pay the expenses incurred in the burial of his son, and owes a balance on the very furniture used in his home. He is not able to get into heavier employment because of the effects of the paralysis, and testified that—

"Since my boy's death, I have not been able to make both ends meet; I have not been able to meet all my household expenses."

So we find this case before us: A man, 50 years old, with a nonsupporting family of five dependent upon him; he is still suffering from a first attack of paralysis, which lessens his ability to provide support for himself and those dear to and dependent upon him, and which in the very nature of things may at any time, and certainly will sooner or later, recur and cut him off entirely, or leave him a helpless invalid; he is in debt, and is unable to "make both ends meet"; there is no hope of his situation improving in the natural course of events. He and his family must be haunted by the grim specter of his precarious life tenure, and to him there is the far greater dread of leaving a helpless family homeless and unprovided for in even the ordinary comforts and necessities of life. Can it be denied that, given the option provided by law, it would not be manifestly unjust to and a hardship upon this family to withhold from them a lump sum award, whereby they would be able, for instance, to purchase a modest home, pay their debts, including the expenses incurred in the funeral of their dead boy, and lay aside the balance against the rainy day that is certain to come to them? It seems to us that the facts present an ideal case for the exercise of that option which the statute so humanely gives to the courts of the state in the administration of this wise law, and this court will not disturb the disposition of the question as made by the trial court. Appellant's second proposition of law, and its second, tenth, and fifteenth assignments of error, on which it is based, are overruled.

[3] In its third and last proposition, appellant contends that there was no evidence showing, or tending to show, that the parents of the deceased employee were dependent, wholly or in part, upon their son's labor for support. The statement under this proposition, as under the others, is wholly insufficient under the rules; and the fragments of evidence presented therein are segregated from all other testimony, which is omitted with the apparent purpose of misleading, rather than aiding, this court in determining the questions presented. An examination of the record, however, discloses that there was ample testimony, none of which was contradicted, showing conclusively that the young man's parents were in a very large measure dependent upon him for support, financially and in every other way. This testimony shows that the son's devotion to and support of his parents were quite unusual; that he was at home practically all the time when not at work; that he was quiet and economical in his habits; that besides his necessary personal expenses for clothes and the like, he retained only a dollar or two a week out of his wages, giving the balance to the family; that he helped pay the grocery, insurance, and other bills, and even in the last week of his life paid a family doctor's bill of $12. More than that, he often helped his mother do the drudgery incident to household work; sometimes he helped her in her cooking, in washing dishes, in cleaning house, and his mother testified that—

"He has come in there when I would be washing, and he would pitch in and help me finish out the wash, he would say, 'Mother, you aren't strong enough to do it yourself,' and he would help around the place, and he stayed at home strictly of an evening. He was able to do some of the household work there; he could cook, and he could wash dishes, and he could clean up house, or anything that there was to do; he certainly did help me when it was necessary."

There is a great deal more testimony, none of it contradicted, showing that this young man was always ready and willing, and always did, help the family in every material necessity that beset them, and the finding of the jury on this issue was beyond any sort of doubt the correct one. Any other finding would have been so without warrant that it could not stand. Accordingly appellant's third proposition, and the fifth, sixth, twelfth, and thirteenth, assignments of error, on which it is based, are overruled.

[4] Appellant has cited no authorities in its brief in support of its propositions of law in this case. We can conceive of no authority that would sustain those propositions, and do not believe any exist. The judgment ren-

dered is completely justified by the pleadings and the unchallenged evidence, the charge of the court and the issues submitted are in due form, and the contentions made here by appellant are so obviously devoid of merit as to warrant no other conclusion than that this appeal was not prosecuted in the hope or belief of reversing the judgment of the court below, but with the sole purpose of delay. It presents an ideal case for the imposition of damages for delay, and appellees' motion to that end must be granted.

Affirmed, with 10 per cent. damages for delay.

## On Motion for Rehearing.

[5] In its motion for rehearing appellant, for the first time, challenges the jurisdiction of the district court over the subject-matter of this suit, upon the ground that it was not shown that the matter in controversy was adjudicated by the Industrial Accident Board before the institution of this suit, as required by the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et. seq.).

Appellant itself instituted this action in the district court, being dissatisfied with the award made by the Accident Board. It selected that forum, thus assuming the burden of showing jurisdiction therein. It filed its petition, procured issuance and service of process, participated in the trial, filed motion for new trial, and prosecuted appeal to this court, thus pursuing the course of its own selection, through the very forums it had invoked for the adjudication of its rights. As plaintiff below, however, appellant did not allege that the claim had been adjudicated by the Accident Board, which allegation it now contends was essential to give the district court jurisdiction. But appellees, as defendants below, did allege these facts in their answer and cross-action, and so, if these allegations were essential to show jurisdiction, the incorporation of the same into the answer and cross-action would be construed in aid of the petition, thus giving jurisdiction so far as the pleadings were concerned. Hill v. George, 5 Tex. 87; Hudson v. Willis, 65 Tex. 694; Doby v. Sanders (Tex. Civ. App.) 198 S. W. 806.

[6] Appellant contends also that the record does not show any evidence of the fact that the claim involved had been adjudicated by the Industrial Accident Board, and that such showing of fact was essential to give the trial court jurisdiction. The proceedings and award of the Accident Board were not admissible in evidence upon the trial of this suit (article 5246—44, Vernon's Ann. Civ. St. Supp. 1918; Employers' Association v. Downing, 218 S. W. 112), and therefore the fact of adjudication by the board could not be shown in that way. But certified copies of these proceedings and award, which constitute the best evidence of the recited facts, were filed among the papers in the court below, before trial, showing such adjudication, so that by inspection thereof, the trial judge was satisfied of the alleged jurisdictional fact. Employers, etc., v. Downing, supra. It is true that copies of these papers were not contained in the original record brought up to this court, but since the filing of appellant's motion for rehearing, raising the question of jurisdiction based on the absence of this showing, the record has been completed by certiorari, at the instance of appellee, and this court now has before it the full evidence which was before the trial court, showing the claim herein to have been adjudicated by the Accident Board. If such showing was necessary to give the district court jurisdiction, a question not necessary to decide here, then it has been made in this case.

It is difficult to pass over without comment the attitude appellant has assumed in this case. Having selected its forum, it omitted from its petition allegations which it now contends were essential to give jurisdiction to that forum. This difficulty was cured by appellees, however, thus depriving appellant of the power to take advantage of its own omission. Jurisdiction having been thus established in the pleadings, it was also established as a matter of fact, not by appellant, on whom the burden lay, but by appellees, who filed the evidence thereof in the court below. The burden and duty rested upon appellant to have this evidence incorporated into the record brought to this court, but it failed to meet this burden or perform this duty, and the evidence was omitted from the record, and appellant seeks in this court to take advantage thereof by asserting a lack of jurisdiction based upon the absence from the original record of this very evidence, which has now been supplied by certiorari at the instance of appellees.

Appellant's motion for rehearing is overruled.