### GEORGIA CASUALTY CO. v. DARNELL et ux.  (No. 434–3871.)

(Commission of Appeals of Texas, Section B. March 19, 1924.)

**Appeal and error ⬥⟾777—Case rendered moot by settlement dismissed on joint motion of parties.**

On joint motion of the parties to a case rendered moot by settlement of the judgment below, the cause will be dismissed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Proceeding under the Employers' Liability Act by J. W. Darnell and wife to recover compensation for the death of Marvin B. Darnell, opposed by the employer and the Georgia Casualty Company, insurer.  Judg-

ment for claimants affirmed (243 S. W. 579), and insurer brings error. Cause dismissed.

H. T. Cooper, of Fort Worth, and Frank S. Anderson, of Galveston, for plaintiff in error.

Dexter W. Scurlock and Massingill & Belew, all of Fort Worth, for defendants in error.

POWELL, P. J. Marvin B. Darnell, while in the course of his employment, was killed. His employer was a subscriber under the Texas Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and was insured thereunder in the Georgia Casualty Company. In the district court, the parents of deceased employee recovered judgment for $4,704.95. Upon appeal by the company to the Court of Civil Appeals, the judgment of the district court was affirmed, together with 10 per cent. damages for delay. See 243 S. W. 579.

In due course, writ of error was granted the company and the cause referred to this court. The case was regularly submitted on January 24, 1924; new written arguments having been filed by each of the parties shortly before that time.

Very shortly after the submission in this court, we began work upon the case, and the writer had just about completed the preparation of an opinion herein, when counsel for plaintiff in error wrote on February 18, 1924, that the company had, on January 22, 1924, settled the judgment entered in the district court, and asking the present status of the case in our court. We had the clerk reply to the effect that the cause would be dismissed upon agreed motion of the parties to that effect. Complying with our suggestion, all the parties have just filed such a joint motion in the following words:

"Whereas, the parties to the above entitled and numbered cause, having entered into an agreement, settling and compromising the above-entitled cause; and

"Whereas, said cause having been submitted to the Commission of Appeals for the State of Texas, Section B, on the 24th day of January, 1924, and it being the desire of the parties to have a judgment entered in the Supreme Court of the State of Texas, in accordance with said agreement of compromise.

"It is therefore stipulated and agreed, by and between the parties to the above entitled and numbered cause, by their respective attorneys, that the Supreme Court of the State of Texas enter its judgment, dismissing this cause, with costs to be taxed against Georgia Casualty Company, a corporation, plaintiff in error."

In recommending that this agreed motion be granted, we desire to request counsel for parties to any and all causes pending in the Supreme Court to notify the court immediately of any settlement or adjustment of a case which renders it moot. This request is particularly applicable where a cause is under submission or about to be submitted. Such action by counsel will save the court much time. We are sure the lawyers themselves will agree that this court has no time for decision of moot questions.

We realize that delays occur very easily in a busy law office, and we are sure the delay of counsel in this case was a mere oversight and without thinking that the time of this court was being lost in a consideration of the cause after settlement. We have no censure whatever for the attorneys in this case. At the same time, the cause was settled two days before submission and prompt action by counsel would have brought notice of that fact to this court on the morning the case was submitted. Under those circumstances, the court would have lost no time in considering the case. We make this appeal to the lawyers generally and bespeak their co-operation in an effort to conserve the time of a court which is all too busy with live questions to spend its time in the consideration of causes already settled.

In view of the joint agreement aforesaid, we recommend that the cause herein be dismissed, and that costs of court be assessed against plaintiff in error.

CURETON, C. J. Cause dismissed on agreement of parties, with costs taxed against plaintiff in error in accordance with the recommendations of the Commission of Appeals.