and because of the injury were worth, when they reached Grand Saline, $425 less than they would have been worth but for such injury; and they further found that appellee had to expend $150 more for feed for the horses while they were recovering from injuries they suffered than he would have had to expend had they not been injured. On the findings the court rendered judgment in appellee's favor against appellants for $575.

J. A. Germany, of Wichita Falls, for appellants.

Nat M. Crawford, of Grand Saline, for appellee.

WILLSON, C. J. (after stating the facts as above). The contention made by appellant that the finding of the jury that there was a difference of $425 in the market value of the horses "at the time and condition in which they arrived at their destination and and what their reasonable market value would have been had they arrived without injury or delay" seems to be based on testimony of appellee that he expected one Stephens, of Oklahoma, to meet him in Grand Saline and buy the horses when they reached that place and that he would not have been able to sell them there there had Stephens not bought them, because they had no market value there. The contention ignores the testimony of the witness Nance that the horses had a market value in Grand Saline, and that they were worth $700 or $800 less on that market than they would have been worth but for the injury to them, and the testimony of the witnesses Lindsey and Slaton to practically the same effect.

[1-3] The contention made that the finding of the jury that "the reasonable and necessary expense for extra feed and pasture paid by plaintiff caused by the injury to the horses" was $150 was not warranted by the testimony before them will be sustained. As we view the record there was no testimony showing what the cost to appellee of feeding the horses would have been had they not been injured, and therefore there was no basis for the finding that the extra cost of feeding them, due to the injury they suffered, was the sum found by the jury. The testimony of appellee that he would not have been at any expense for feed for them because he would have sold them to one Stephens had they been uninjured when they reached Grand Saline plainly was his opinion merely, and therefore without probative force. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. There was no other evidence that Stephens would have purchased the horses on their arrival at Grand Saline had they been uninjured. It did not even appear that Stephens was in Grand Saline at the time or after the time the horses reached that place. On the contrary, the testi-

mony indicated that he was not then in Grand Saline, and that appellee expected, after the horses reached that place, to go to Emory, where he supposed Stephens was, and take him to Grand Saline to look at the horses. We think the judgment, in so far as it was for the $150 extra expense incurred in feeding the horses, was wrong for another reason also. The amount was included in the sum representing the difference found by the jury in the market value of the horses in Grand Saline had they arrived there uninjured and their market value there injured as they were, and the recovery awarded appellee of both that difference and the $150 paid by him for feed was a double recovery to the extent of said $150. Railway Co. v. Foster, 89 S. W. 450; Railway Co. v. Tuckett, 25 S. W. 150.

The judgment will be so reformed as to adjudge a recovery in appellee's favor against appellants of $425 (instead of $575), and interest thereon from October 9, 1917, and as so reformed will be affirmed.

---

DENMAN et al. v. PYLE et al.    (No. 6047.)

(Court of Civil Appeals of Texas. Austin. March 12, 1919.)

1. APPEAL AND ERROR ⬤⟿230—NECESSITY OF OBJECTIONS BELOW—TRIAL—INSTRUCTIONS.

In view of Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), a formal bill of exceptions to the charge of the court is not required on appeal, but it is necessary that objections thereto shall be presented to the court before the charge is read to the jury, otherwise the objection is waived.

2. APPEAL AND ERROR ⬤⟿500(4) — REVIEW—RECORD—OBJECTION BELOW.

Treating a document found in the transcript as an objection to the court's charge, directing a verdict for one of defendants, plaintiffs, appellants, are not entitled to have such act of the court reviewed, where it does not appear the objections filed were ever presented to the judge.

3. APPEAL AND ERROR ⬤⟿230—FUNDAMENTAL ERROR—WAIVER BY FAILURE TO COMPLY WITH STATUTE.

Failure to comply with Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), relating to exceptions, waives all errors in a charge or instruction given to the jury, including fundamental as well as lesser errors.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Suit by R. P. Denman and another against O. P. Pyle, A. P. Williams, and B. O. Sims, Jr. From so much of the judgment as trans-

fers their cause of action against the last-named defendant from the district court of Bell county to the district court of Kleberg county, plaintiffs appeal. Affirmed.

Sam D. Ware, of Belton, and J. H. Evetts, of Temple, for appellants.

Claude Pollard, of Houston, and E. H. Crenshaw, Jr., of Kingsville, for appellees.

KEY, C. J. R. P. Denman and E. B. Kelso brought this suit against O. P. Pyle, alleging that he resided in Bell county, and A. P. Williams and B. O. Sims, Jr., alleged to reside in Kleberg county. The defendant Sims filed a plea of privilege, claiming that the court had no jurisdiction of his person, and that he was entitled to a change of venue to Kleberg county as to the cause of action asserted against him. The trial court gave a peremptory instruction, directing the jury to find in Sims' favor on his plea of privilege, which the jury did, upon which verdict judgment was rendered, transferring the plaintiffs' suit against Sims to the district court of Kleberg county.

The case between the plaintiffs and the other defendants was submitted to the jury upon special issues, and upon the verdict returned, judgment was rendered for the plaintiffs, from which neither party has appealed. The plaintiffs have appealed from so much of the judgment as transfers their cause of action against the defendant B. O. Sims, Jr., from the district court of Bell county to the district court of Kleberg county.

[1] The correctness of that judgment depends entirely upon the correctness of the charge of the court upon that phase of the case; and appellants are in no position to complain of that charge, because of their failure to comply with the provisions of article 1971 of the Revised Statutes, as amended by Act 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971). That article was considered by our Supreme Court in Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; and it was there held that, while the article as amended does not require a formal bill of exception to the charge of the court, it does require that in order to complain of such charge on appeal, it is necessary that objections thereto shall be presented to the court before the charge is read to the jury; and it is there declared that all objections not so made and presented shall be considered as waived.

[2] The transcript contains the following document:

"Come now the plaintiffs and except to the following paragraphs of the court's charge, to wit:

"To paragraph —— of the court's charge the plaintiffs except for the following good and sufficient reasons, to wit:

"First. The defendant O. P. Pyle is a necessary and proper party to said suit and resides in Bell county, Tex.

"Second. The pleadings and the evidence show that O. P. Pyle and A. P. Williams were part-ners in the transaction of the sale of land described in plaintiffs' petition.

"Third. The pleadings and evidence show that the defendants O. P. Pyle and A. P. Williams were acting as agents for the said B. O. Sims, Jr., in the sale of said lands, and that the plaintiffs are alleging, and have presented evidence to prove, that all defendants acted in concert in selling said lands, and that all are primarily liable for the commissions for selling said land, and that said B. O. Sims, Jr., promised and agreed to pay said money to plaintiffs herein.

"Fourth. Because, the court having jurisdiction or venue of a necessary or proper party, the question of the liability of the nonresident party was a proper question to be submitted to the jury, under proper instructions from the court, and was not such a question as could be decided by the court. J. H. Evetts, Sam D. Ware. Filed Jany. 29, 1918. E. E. Upshaw, District Clerk, Bell Co., Texas."

Treating the document quoted as an objection to the court's charge directing a verdict for the defendant Sims, still appellants are not entitled to have that action of the court reviewed, because it does not affirmatively appear that the document referred to was ever presented to the trial court. The statute requires that such objections shall be presented to the trial judge before the charge is read to the jury; but in this case it is not made to appear that the objections, which were filed, were ever presented to the judge.

Appellants have presented several assignments of error, but they are all predicated upon the alleged error in the court's charge directing a verdict for the defendant Sims, and they must all be overruled.

[3] The contention that the action of the court complained of constitutes fundamental error does not aid appellants' cause. A failure to comply with the statute referred to results in a waiver of any error that can be waived, though such error may be fundamental. We see no reason why a litigant may not waive any error in a charge or instruction given to the jury, regardless of the importance or result of the error. The statute is as comprehensive as it could well be made; and, as it contains no exceptions, we think it must be construed to include fundamental as well as other kinds of error in a charge. The Legislature had the power to so frame the law, and the fact that one of the results is to deprive appellate courts of the discretion they formerly had to reverse cases on account of fundamental error in the trial court's charge, though not complained of on appeal, is no reason why the statute should not be enforced. The Legislature, having the power to enact the law in the form it has been enacted, and there being no ambiguity about its meaning, its wisdom should not be a matter of concern to the courts.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.