### BALL v. HENDERSON.   (No. 8497.)

(Court of Civil Appeals of Texas. Dallas. Feb. 19, 1921.)

1. **Appeal and error** ⊂⊃230 — **Objections to charge not made before reading to jury, waived.**

Where no objection was urged to the court's charge in submitting either of two issues, in the absence of objection made and presented to the court before the charge was read to the jury, such objections as could have been made must be considered on appeal as having been waived.

2. **Appeal and error** ⊂⊃722(1)—**Assignments in brief must be copies of assignments in motion for new trial.**

Assignments of error urged in the brief must be, at least, substantially copies of the assignments presented in the motion for new trial filed in the trial court, and an assignment of error not embraced in such motion cannot be considered.

3. **Appeal and error** ⊂⊃302(6)—**Ground of motion for new trial that verdict unsupported by evidence too general for consideration.**

Ground of motion for new trial, that the judgment rendered should be set aside because the verdict of the jury is contrary to the law and the evidence and not supported by the evidence, is too general to justify its consideration on appeal.

Appeal from Collin County Court; R. L. Moulden, Judge.

Suit by T. E. Ball against Ernest Henderson. From judgment for defendant, plaintiff appeals. Affirmed.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Abernathy & Smith, of McKinney, for appellant.

T. O. Murray and John Doyle, both of McKinney, for appellee.

TALBOT, J. The appellant sued the appellee on a promissory note for $240.29, and on account for pasturage, amounting to $10. Appellant also sued out a writ of attachment and had three bales of cotton attached. He asked judgment for the amount of his debt and a foreclosure of the attachment lien. The appellee answered by general denial, specially denied that the appellant was the owner of the note, and reconvened for damages, both actual and exemplary, for the wrongful and malicious suing out of the attachment. The case was submitted to a jury upon special issues and judgment rendered by the court upon the findings made, that the appellant take nothing by his suit and that the appellee recover of appellant actual damages in the sum of $294.25, and exemplary damages in the sum of $200. Upon the hearing of appellant's motion for a new trial the court required the appellee to remit the amount of the note sued on, and said motion was overruled, and appellant perfected an appeal to this court.

[1] No bills of exception were taken and the case is submitted in this court on three assignments presenting what is claimed to be fundamental errors. The appellee objects to a consideration of either of the assignments of error, and the objections are well taken and must be sustained. The first and second asserts, respectively, that the court erred in submitting special issue No. 1, and the issue of exemplary damages, because there is no pleadings to support the issue and judgment. If it should be conceded that either, or both, of these assignments presents fundamental error, the matters complained of cannot be considered on this appeal. It is admitted by appellant that no objection whatever was urged to the court's charge in submitting either of the issues, and, in the absence of objection made and presented to the court before the charge was read to the jury, such objections as should have then been made must now be considered as having been waived. Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Heidenheimer, Strassburger & Co. v. Railway Co., 197 S. W. 886. In the last case cited it is held that the statute makes no exception as to fundamental errors, but declares that all objections not presented to the court in the time and manner prescribed shall be regarded as waived.

[2] The third assignment of error is that the court erred in not setting aside the judgment rendered and granting the appellant a new trial: (1) Because the uncontradicted evidence showed that the plaintiff was the owner and holder of the note; (2) because the uncontradicted evidence showed that the appellee admitted his liability on the note; (3) because the court refused to render judgment in appellant's favor on the note, but entered judgment that appellant take nothing on the note; (4) because, the trial being by a jury, the court having erroneously submitted the issues to the jury as to whether or not the appellant owned the note, the jury having found that he did not own the note, and also found exemplary damages in the sum of $200 against appellant, the court could not cure the error by requiring the appellee to enter remittitur on the judgment, but should have granted a new trial and permitted the jury to pass upon the question of exemplary damages under a charge that the note was a valid subsisting obligation of the appellee and that the appellant was entitled to recover thereon. This assignment is submitted as a proposition, and under it the further proposition:

"That it is the province of the jury to pass upon the question of exemplary damages, under a charge of the court, that the note was a valid subsisting obligation of the defendant, and that the plaintiff was entitled to recover thereon."

It may be admitted that the assignment and proposition express correct abstract principles of law, but in the condition of the record they cannot be applied in this case. There is no such assignment of error as the one here presented in the transcript, and the errors therein complained of cannot be regarded as fundamental. The law now is that the assignments of error urged in the brief must be, at least, substantially copies of the assignments presented in the motion for a new trial filed in the trial court, and that an asignment of error not embraced in such motion cannot be considered.

[3] It was urged in the appellant's motion for a new trial that the judgment rendered ought to be set aside, "because the verdict of the jury returned herein is contrary to the law and the evidence and not supported by the evidence"; but this ground of the motion was not copied in the brief and urged as a reason why the case should be reversed. But, if it had been, it is manifestly too general, under the uniform decisions of our appellate courts, to justify its consideration on this appeal.

The judgment is affirmed.