## ASSOCIATED INDEMNITY CORPORATION v. POTEET et al.

### No. 11172.

Court of Civil Appeals of Texas. Dallas.

March 12, 1932.

Rehearing Denied April 23, 1932.

Leachman, Gardere & Bailey, of Dallas, for appellant.

Prentice Wilson and J. W. Hassell, Jr., both of Dallas, for appellees.

VAUGHAN, J.

This is an appeal from the judgment of the court below sustaining the general demurrer of appellees, Mrs. Josie (at times referred to as Jessie) Poteet and Carla Gay Poteet, to the first amended original petition of the appellant, Associated Indemnity Corporation, a private corporation, and dismissing the suit at its cost; appellant having refused to amend or plead further after the court sustained the demurrer. Following are the material allegations necessary to be considered in order to review the action of the court complained of:

"I. That the plaintiff is a private corporation duly incorporated under and by virtue of the laws of the State of California with a permit to engage in the compensation insurance business in the State of Texas, and has an office in Dallas, Dallas County, Texas; that the defendants, Jessie Poteet and Carla Gay Poteet, both of whom have appeared and answered herein, reside in Lewisville, Denton County, Texas;

"II. That heretofore, to wit: On or about the 19th day of December, A. D. 1930, the Industrial Accident Board of the State of Texas made and entered its final award, ruling and decision in the matter of Frank Poteet, deceased employee, versus V. C. Bilbo, employer, and Associated Indemnity Corporation, alleged to have been insurer; that said award did not recite the County in which the alleged injury is alleged to have occurred, but was predicated upon a claim asserted before said Industrial Accident Board by the defendants herein, Jessie Poteet and Carla Gay Poteet, they being the adverse parties to the Associated Indemnity Corporation in said award; that the claim upon which said award was predicated was asserted by said Jessie Poteet and Carla Gay Poteet before said Industrial Accident Board and in which they claim that the said Frank Poteet sustained an accidental injury while working in the course of his employment for V. C. Bilbo, on or about June 20th, 1930, and by reason of which, said defendants claim the right to recover of this plaintiff and claim that this plaintiff owes to them, compensation at the rate of $14.42 per week for the definite and fixed period of 360 weeks; that said defendants claimed that the employer of the deceased resided in Dallas County, Texas, but failed to allege specifically before the Board in what county the alleged injury is alleged to have occurred; and have never advised this plaintiff the name of the county where the injury is alleged to have occurred; that the plaintiff denies that said Frank Poteet, deceased, received such an injury in Dallas County or any other County, as was alleged by the defend-

ants herein before said Industrial Accident Board; and say that it does not believe it to be a fact, and charges that it is not a fact that he received any injury anywhere in the course of his employment, that was a proximate cause of his death; that they did not allege before the Board, nor have they ever advised this plaintiff any location where the alleged injury is alleged to have occurred from which it could be ascertained the county or state where they claim the alleged injury is alleged to have occurred; and plaintiff says that within twenty days after the rendition of the final award, ruling and decision of the Industrial Accident Board, above described that said plaintiff did, in the time and manner required by law, notify said Industrial Accident Board that it was unwilling to consent to, and would not consent to abide by said final ruling, decision and award of said Board, but would, within twenty days after the giving of said notice, file suit in some court of competent jurisdiction to set aside said final ruling and decision; that this suit herein has been filed by said plaintiff to set aside said final ruling and decision of the said Industrial Accident Board within twenty days after the notice to said Industrial Accident Board that it was unwilling to abide by, and would not consent to abide by said final ruling and decision of said Board; that said Board decreed that plaintiff should pay defendants a sum in excess of $4,000.00."

The demurrer was sustained because appellant failed to allege, in its petition, the county in which the injury claimed to have been sustained by Frank Poteet, resulting in his death, occurred. Appellant alleged that appellees did not recite in their claim for compensation filed with the Industrial Accident Board, nor did the award of said board made thereon contain, the name of the county where the alleged injury occurred, nor did the appellees, in any of the pleadings filed by them in this suit, allege the county where the injury occurred, for and on account of which claim for award was made; that appellees, in their claim for award, asserted that said Frank Poteet sustained an accidental injury while working in the course of his employment for V. C. Bilbo; that said employer resided in Dallas county, Tex., but failed to allege, specifically, in what county the alleged injury occurred. As a part of its cause of action to set aside said award, appellant denied "that Frank Poteet, deceased, received such an injury in Dallas County or any other County, as was alleged by the defendants herein, before said Industrial Accident Board."

Appellees contend that the allegations under review are of such doubtful meaning or import that it cannot be determined therefrom what appellant "knows and what it does not know relative to the place of the accident"; if such be the character of the allega-

tions under consideration, then the general rule that, as against a general demurrer, all reasonable intendments in favor of the challenged plea must be indulged, cannot be invoked, this, because that rule is subject to the further rule that averments of doubtful meaning, vague and uncertain of application to the matter or cause of action sought to be alleged, must be construed against the pleader. Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000; Webb County v. School Trustees, 95 Tex. 131, 65 S. W. 878; Snipes v. Bomar Cotton Oil Company, 106 Tex. 181, 161 S. W. page 1.

■ We are of the opinion that the natural effect of the above allegations, is to convey, in clear and positive terms, that appellant did not know the county in which the deceased, Frank Poteet, sustained the alleged injury, unless it was Dallas county, and furthermore denied, emphatically, that the deceased received any injury in any county in the state, on account of which there was any liability against appellant as alleged by appellees. Therefore the reasonable intendment arising therefrom is that, if appellant had been in possession of information as to the county in which the alleged injury occurred, due allegation would have been made in reference thereto; furthermore, that appellant did not have any information to the effect that said injury occurred in any other than Dallas county, and that deceased was not injured in any county, as alleged by appellees.

That the following provision of section 5, article 8307, R. C. S. 1925, "shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling," is jurisdictional, although, in effect, it largely performs the office of a venue statute, is not an open question, same having been settled by our Supreme Court in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, in which it was held that the entire workman's compensation statute was mandatory and exclusive, and that a suit to set aside an award of the Industrial Accident Board can be brought only in the county where the injury occurred. The general demurrer to appellant's petition was sustained upon the sole ground that the above provision was not complied with by appellant, in that it did not allege "the county where the injury occurred" so as to show that its suit was filed in the county in which the deceased, Poteet, sustained his injury.

■ The evident purpose of the allegations relating to and revolving around the jurisdictional fact, viz. the county where the injury occurred claimed to have caused the death of Frank Poteet, was to excuse appellant's failure to emphatically allege "the county where the injury occurred," and to show that its suit was, in fact, brought in the county where the injury occurred (if the deceased, Poteet, was in fact injured as alleged by ap-

pellees), as that county was made to appear to be by appellees, assertion in their claim for award. What was the effect of said allegations is a material inquiry. Did same present an issue of fact to be reached only by a plea in abatement (in effect a plea in bar of the right of appellant to prosecute its suit in the court in which same was filed), or was same subject to a general demurrer because appellant did not allege, in emphatic terms, that the injury occurred in Dallas county Tex.? It cannot be gathered from the petition that the injury was alleged to have occurred in a county other than Dallas county; and certainly, under the facts of this case, it cannot be the rule of the law that, although this suit was instituted in the county where, under the statutory provision, supra, it could only be brought, because the jurisdictional fact was not specifically alleged, the petition would be subject to a general demurrer.

Therefore appellees should have filed a plea in abatement, alleging the facts upon which the right to abate the suit was based, namely, the county where the injury occurred, thereby presenting an issue of fact, provided the suit was not brought in that county, as under the provision of section 5, supra, the right of appellant to maintain this suit in the court below depends upon it having been brought in the county where the injury occurred; the power and authority of the court to hear and determine said cause of action being denied, unless such jurisdictional fact existed at the time suit was filed.

We are of the opinion that the court below erred in sustaining the demurrer to appellant's petition; therefore this cause is reversed and remanded for further proceedings.

Reversed and remanded.