## INDEMNITY INS. CO. OF NORTH AMERICA v. SPARRA et al.

### No. 1010.

Court of Civil Appeals of Texas. Eastland.

Dec. 23, 1932.

Rehearing Denied March 3, 1933.

Barnes & Barnes, of Beaumont, for appellant.

Cox & Hayden, of Abilene, for appellees.

LESLIE, Justice.

This appeal is from a judgment of the trial court disposing of two cases which were consolidated in that court. They grew out of the same controversy. The first suit was filed May 2, 1931, by L. H. Sparra et al. v. Indemnity Insurance Company of North America to mature a claim awarded him by the Industrial Accident Board on March 25, 1931, and which he alleged the company, without justifiable cause, refused to perform. The second suit was filed May 22, 1931, by the Indemnity Insurance Company against Sparra et al., as an appeal from an order of the Industrial Accident Board entered May 6, 1931, in response to the company's motion to reopen the claim on the alleged ground of fraud, mistake, and changed condition, etc. Each plaintiff in the lower court filed a plea in abatement to the other's suit. The trial court sustained the plea of L. H. Sparra et al., and overruled the one presented by the Indemnity Insurance Company. The facts of the case will be sufficiently reflected in the discussion of the nine propositions of law upon which the appeal is predicated. The parties will be referred to as in the trial court and in the Sparra suit.

The trial was before the court and jury, and submitted to the jury upon the following special issues:

"No. 1. What do you find would be a reasonable attorneys' fee for plaintiff's attorneys for representing the plaintiff in this controversy, before the State Industrial Accident Board and in court?" To which the jury answered "$1,250.00."

"No. 2. Did the defendant, the Insurance Company, receive notice within twenty days after March 25th, 1921, that the Industrial Accident Board made an award in this proceeding on March 25th, 1931?" To which the jury answered "Yes."

Based upon this verdict and certain undisputed elements in the testimony, the court rendered a judgment for the plaintiff Sparra et al., for $8,020, representing 401 weeks at $20 per week, plus 12 per cent. penalty, certain interest at 6 per cent. per annum, and attorneys' fee of $1,250.

The first proposition presents a jurisdictional question. By it the defendant contends that, since the plaintiffs failed to allege in their petition that the plaintiff Sparra resided in or sustained his injuries in Nolan county, Tex., they failed under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended) to show jurisdiction in the district court of that county to hear and determine the case. The defendant contends that, in such cases, the district court is a court of special jurisdiction under the Compensation Law, as construed in

Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, and that, to state a cause of action, it was essential that the petition contain the jurisdictional allegations as to venue.

We have examined the point, and conclude that it should be overruled. The defendant urged no general demurrer or special exception to the amended petition on which trial was had. The testimony discloses without doubt that the suit was filed in the county where the accident occurred, as well as where plaintiff resided, and in the only court otherwise having jurisdiction of the case. These facts are emphasized by the Indemnity Company's pleadings, wherein it is alleged that it appealed from a certain order of the Industrial Accident Board involving the identical claim. After alleging it gave notice of dissatisfaction with the board's ruling of May 6, 1931, and its intention to appeal, it alleged further: " * * * That upon the overruling of said motion for rehearing by said Board, this defendant, within less than twenty days after said motion for rehearing was overruled, gave notice as required by law that it would not abide by said award of the said Board, and that within less than twenty days after the giving of said notice it would file suit in the District Court of Nolan County, Texas, a court of competent jurisdiction, to set aside said award, and here and now pleads the pendency of said suit in the District Court of Nolan County, Texas, said court having full jurisdiction to determine the merits of said award."

The two suits were consolidated and actually under consideration at the same time. More than once defendant's pleadings affirmatively allege and designate the district court of Nolan county as the court of competent jurisdiction to hear the case, and such alleged facts occur both in the defendant's plea in abatement and by adoption in its answer on the merits. In view of the record in this respect, it occurs to us that the situation calls for an application of the common sense rule stated in 49 C. J. p. 864, § 1274, as follows: "A plea, answer, or other pleading of defendant may aid the petition, declaration, or complaint, and supply, cure or remedy an omission, defect or infirmity therein, as by affirmatively alleging or admitting a material fact not alleged, or defectively alleged, by plaintiff."

A multitude of Texas cases are cited by the text in support of the rule. The case of Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 579, so decides the point. See, also, Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187.

As far back as Hill v. George, 5 Tex. 87, our Supreme Court quoted with approval from the Supreme Court of New York the following statement of the rule: "If one party expressly avers or confesses a material fact omitted on the other side, the omission is cured. It may thus be made to appear, from the pleadings on both sides, that the plaintiff is entitled to the judgment, although his own pleading, taken by itself, is insufficient."

The point should be overruled for other reasons. We do not consider Mingus v. Wadley and that line of authorities in point. In that case the suit was filed in the wrong county, whereas in the instant case the suit is in the county of the injury and the plaintiff's residence, and in the only court having jurisdiction to hear it. No exception of any character was addressed to the plaintiff's trial pleading. No plea in abatement was urged on that specific ground. Hence it is believed the point should be overruled on the authority of Tex. Emp. Ins. Ass'n v. Evans, 117 Tex. 113, 298 S. W. 516, 518, and Associated Indemnity Corp. v. Poteet (Tex. Civ. App.) 48 S.W.(2d) 663. In the Evans Case, certified to the Supreme Court by this court, the injury occurred in Palo Pinto county. The suit was filed there. The original petition alleged the injury occurred in Stephens county, and did not allege that it occurred in Palo Pinto county. Suit was filed within twenty days after notice of dissatisfaction, etc., but long after the expiration of that twenty days an amended petition was filed, for the first time alleging Palo Pinto county as the place of the injury. In answering certified question as to whether such amendment would be made after the expiration of twenty days, etc., the Supreme Court, in its opinion, used this language: "Had no objection been raised by demurrer to the sufficiency of the pleading in this respect, and the proof had been that the injury did occur near Caddo in Stephens county, but that, in fact, the place where it occurred was in Palo Pinto county, and a judgment had been rendered for the defendant in error under proceedings otherwise correct, no objection would have been valid to the judgment based upon the proposition that the county court of Palo Pinto county did not have any jurisdiction of the suit." To the same effect is the opinion in the Poteet Case.

Therefore, if we interpret these opinions correctly, in the absence of exceptions to such a pleading as the plaintiff's in this case, or a plea in abatement, as suggested in the Poteet Case, a judgment rendered on such pleading would be warranted. See, also, Texas Employers' Ins. Ass'n v. Ezell (Tex. Com. App.) 14 S.W.(2d) 1018; Spence v. State National Bank (Tex. Com. App.) 5 S.W.(2d) 754.

■ By the second proposition, the defendant contends that plaintiff's suit to mature the board's award is not permissible under the law, since the board did not award compensation for any definite amount or period of time, or for total or permanent disability,

etc., as evidenced by the award. This contention is overruled on the authority of Vestal v. Texas Emp. Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041, 1044; Texas Employers' Ins. Ass'n v. Ezell (Tex. Com. App.) 14 S.W.(2d) 1018; Dixon v. U. S. F. & G. Co. (Tex. Civ. App.) 293 S. W. 291; Minor v. London G. & A. Co. (Tex. Com. App.) 280 S. W. 163; Franco v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 29 S.W.(2d) 902, 905; article 8307, § 5a, R. S. 1925.

Plaintiff's suit was but the pursuit of an effective statutory method of forcing compliance by the insurance company with the order of the Industrial Accident Board.

■■ By the third proposition the defendant challenges the power of the court to render a judgment maturing the claim, etc., because it had duly filed its suit in the district court of Nolan county to set aside the ruling of the board entered May 6, 1931, in response to its motion to reopen the claim. The original award, favoraßle to plaintiff Sparra, was made March 25, 1931. No notice of dissatisfaction with the award and intention to appeal was given by the defendant. Hence it filed no suit to avoid the effect of that award. Time passed, and, the defendant failing to meet the matured weekly payments authorized by the board's award, the attorneys for plaintiff Sparra sent a telegram to the company April 26, 1931, calling on it to pay the matured installments. The company refused to do so, and through its attorneys immediately filed with the board on April 28, 1931, a motion seeking a rehearing on the claim getting up fraud, mistake, change of condition, etc., as grounds therefor. The board set the same for hearing May 5, 1931, "on the question of review, and if it is decided to go behind previous award and re-open the case, then on its merits to hear evidence to determine liability of the insurance company, degree of incapacity to claimant, and all questions incident to the main issues on which the case is set, including reduction of the period with corresponding increase in rate." Notice of such hearing was given the plaintiff Sparra, and May 6th the board determined that no grounds existed for reopening the case and entered an order reaffirming the original award of March 25th. It is from this order of the board that the defendant gave notice of dissatisfaction and intention to appeal, and upon that order (June 6th) predicates its suit of May 22, 1931, in the district court of Nolan county.

Apparently, to meet the foregoing situation, and to counter the method of procedure adopted by the defendant company after it received the aforesaid telegram and refused to pay the matured installments, the plaintiff Sparra, on May 2, 1931, filed the instant suit in the district court of Nolan county to mature the whole claim aforesaid, and gave notice of the

filing of such suit to the Industrial Accident Board, who, after receiving the same, entered the order of May 6, 1931, refusing the rehearing on the ground that there was no evidence of fraud, mistake, or change of condition, etc., as alleged by defendant in its motion.

In response to the proposition now under consideration, it is the plaintiff's contention that the award of March 25, 1931, became final and binding on the defendant by virtue of the fact that no appeal was prosecuted from same, and that the board had lost jurisdiction of the proceedings by virtue of the fact that, on May 2, 1931, the plaintiff filed the instant suit in the district court of Nolan county, Tex., to mature the entire claim on the ground that the defendant, without justifiable cause, had failed to make payments promptly of the matured installments. As a part of this contention it is the further view of the plaintiff that, since the award of March 25th became final, and he filed his suit as aforesaid, the order of the board in response to the plaintiff's motion to reopen, etc., was a nullity and furnished no basis for an appeal.

Without regard to the reasons therefor, clearly there was a default on the part of the insurance company in the payment of the matured installments under the award of March 25th. Theoretically, at least, this justified the plaintiff's suit of May 2, 1931, to mature the claim. The plaintiff, by virtue of that default, had a prima facie ground for the suit. The effect of the suit was to deprive the Industrial Accident Board of further jurisdiction in the matter, at least until the determination of the issues therein involved. The whole matter was thus carried to the district court. Considering the jurisdiction of the board in such cases, it is said in the Vestal Case: "Evidently, however, such power to review can only be exercised by the board while its jurisdiction continues. Where there has been an appeal, undoubtedly it has lost such power of review, and we are also of the opinion it has as clearly lost such jurisdiction and power where by reason of default in the matter of appeal and performance a suit has been filed in the proper court having jurisdiction to enforce the award."

■ The fourth proposition is to the effect that the court erred in sustaining Sparra's plea in abatement to defendant's suit, since it had given notice and prosecuted appeal from the board's order of May 6, 1931, by filing its suit in the district court of Nolan county. For reasons already apparent, this proposition must be overruled. At the time of the hearing (May 6th), the board was without jurisdiction to consider defendant's motion and to enter any order in response thereto, since the plaintiff's suit of May 2d deprived the board of jurisdiction in the matter. Hence its order, though adverse to the defendant, was a nullity and afforded no

basis for the defendant's suit of May 22, 1931. Such is the necessary effect of the opinion in the Vestal Case.

The defendant's fifth and sixth propositions are presented together. They are, in substance, that, since the defendant had no notice of the award of March 25th, and was without fault in failing to appeal therefrom, and since it filed its motion of April 28th for rehearing and followed the order of the board (May 6th) in response thereto with due notice and appeal and properly filed its suit of May 22, 1931, in the district court of Nolan county to reverse said action of the board, the trial court erred in overruling its plea in abatement (fifth proposition), and that it likewise, for the same reason, erred in sustaining Sparra's plea in abatement to its suit of May 22d (sixth proposition). From what has been previously held, it follows that each of these propositions must be overruled. Sparra's suit of May 2d as noted took from the board jurisdiction to further consider the claim as it attempted to do on May 6th. Therefore the board's order of May 6th furnished no basis in law for the defendant's suit in the nature of an appeal filed of date May 22d. Therefore these propositions are overruled.

■ Incidental to the questions here considered, it will be observed that the Workmen's Compensation Law contains no provision requiring the board to give notice of its award to interested parties. Dixon v. U. S. F. & G. Co. (Tex. Civ. App.) 293 S. W. 291, 294. However, in the present case the record discloses that, in response to a proper issue, the jury found upon sufficient testimony that the notice of the award of March 25th was given by the board to the defendant, the Indemnity Insurance Company.

■ The seventh proposition is to the effect that, since the pleadings and the evidence fully raised an issue as to whether the insurance company had justifiable cause for failing to comply with the decision of the Accident Board, rendered March 25, 1931, the court erred in not submitting the following special issue requested by the defendant: "From the preponderance of the evidence do you find that the defendant in this cause had justifiable cause for failing to comply with the decision of the Industrial Accident Board rendered * * * on March 25th, 1931?"

As we interpret the pleading, the only justifiable cause asserted by the Indemnity Company for its failure to comply with the award was its lack of any notice of the board's having made the award of March 25th. That issue having been submitted to and determined by the jury against the company, it is believed that the court did not err in rejecting the issue tendered. The issue submitted by the court covered the ground. The proposition is overruled.

The eighth proposition challenges the sufficiency of the evidence to support the finding of the jury on the issue of whether or not the Indemnity Company in fact received notice of the board's award of March 25th. Believing that there is sufficient testimony to support the jury's affirmative verdict, this proposition is overruled.

The ninth proposition complains that the court erred in entering a judgment upon the jury's verdict in response to the issue of what would be a reasonable attorneys' fee for representing the plaintiff Sparra in the court and before the Industrial Accident Board. The complaint is that no amount for services "before the Industrial Accident Board" is authorized by law in determining the proper fee for instituting and prosecuting a suit to mature the board's original award. The statute provides that, in such a case, the injured employee may recover, among other things, "a reasonable attorney's fee for the prosecution and collection of such claim." Article 8307, § 5a, R. S. 1925.

The language of this statute is simple, and limits the fee to a reasonable one for the prosecution of the particular suit. Texas Employers' Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 278 S. W. 889. This, however, is not the question before us. The appellant's difficulty lies in the fact that it did not, in the trial court, raise the question which it now seeks to present in this court as a fundamental error. In the trial court the appellant presented no exception whatever to the form and manner in which the court submitted the special issue relative to attorneys' fees. Having failed to except to the court's charge upon the ground now complained of, the appellant is in no position to raise the question here as a fundamental error, or any other character of error. Such has been the law since the enactment of article 2185, R. S. 1925, as may be seen from the numerous authorities construing the same. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974, 979; Texas Electric Railway Co. v. Barton (Tex. Civ. App.) 213 S. W. 689; Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Childress v. Pyron (Tex. Civ. App.) 285 S. W. 1100; Texas Elec. R. Co. v. Crump (Tex. Civ. App.) 212 S. W. 827; Loeb v. T. & N. O. Ry. Co. (Tex. Civ. App.) 186 S. W. 378; Ball v. Henderson (Tex Civ. App.) 228 S. W. 361; Parsons v. Hubbard (Tex. Civ. App.) 226 S. W. 441; Denman v. Pyle (Tex. Civ. App.) 210 S. W. 335; Port City Lbr. Co. v. Markell (Tex. Civ. App.) 9 S.W.(2d) 449; Hendrick v. Lbr. Co. (Tex. Civ. App.) 200 S. W. 171.

In the Largent-Etheridge Case, this court, considering the effect of article 2185, in disposing of the appellant's complaint that the court's instruction permitted the jury to consider matters beyond the appellee's pleadings, said: "The gravamen of appellant's complaint seems to be that the court, by its instructions to the jury, directed them to con-

sider matters beyond the scope of appellee's pleading in arriving at their verdict. If the instructions had such effect and should be conceded to be error, the provisions of article 2185 supra, pronounce as the consequence of not having made timely objection to the giving of the instruction the taking of a proper bill of exception, and urging an assignment here to that effect, that such error is waived."

In Port City Lbr. Co. v. Markell (Tex. Civ. App.) 9 S.W.(2d) 449, 450, the court, in considering a question like that before us, involving double recovery, etc., used this language: "But, if it be conceded that the charge was subject to the complaint made of it, we would not be authorized to reverse the judgment because of such error, in that appellant made no timely objection to the charge upon the ground that it authorized a recovery of double damages. The objection to the charge now urged was not stated in the objections made and filed in the trial court to the charge, but, so far as shown by the record, such objection was made for the first time in appellant's motion for a new trial. * * *"

The court then cited article 2185, and, continuing, said: "By its failure to comply with the statute quoted, appellant waived the error in the charge, if any, even though it be an error apparent of record"—citing numerous authorities.

And then concluded with a quotation from the opinion in Hendrick v. Lbr. Co., supra, as follows: "To give full effect to the terms of the later law (* * * article 2185), even an error apparent upon the face of the record, when resulting from an improper charge, is waived, and the right of revision on appeal lost, when no objections are presented in the court below."

Such is the tenor of all the authorities, and numbers of them are collated in 3 Tex. Jur. p. 202, §§ 137 and 138. There it is shown by the authorities cited that the statute has application where a cause is submitted on special issues, etc. The contention embodied in appellant's proposition 9 cannot, under the statute and the foregoing authorities, be considered by this court and given effect as a fundamental error. The statute and decisions rob it of that nature, if it ever had such.

On the trial of the case there was much testimony introduced pertaining to the attorneys' fee, but there is not a bill in this record complaining of the court's ruling thereon, nor is there any exception taken to any testimony relating to the attorneys' services before the Industrial Accident Board. At least there is no assignment of error predicated upon any such bill of exception. In this state of the record, and for the foregoing reasons, the appellant has waived its right to have this court review any such alleged error. .

This appeal was disposed of by an opinion handed down December 16, 1932. In that opinion we held on all points except the ninth, as we hold in this opinion. In that opinion we held that the ninth proposition presented fundamental error, sustained the point, and, upon such holding as a predicate, we directed a remittitur of the attorneys' fees under a penalty of suffering a reversal of the trial court's judgment in its entirety. On further investigation we have concluded that we erred in the former opinion in so sustaining the ninth proposition. It follows that, if a remittitur should be filed in accordance with the previous opinion, such action would be based on an erroneous conclusion and holding which this court desires to withdraw and correct at this time, and before motions for rehearing, if any, are filed. The former opinions are withdrawn, the judgment pursuant thereto is set aside, and, for the reasons assigned herein, the judgment of the trial court is in all respects affirmed. All members of the court concur.

### On Rehearing.

We have examined appellant's motion for rehearing, and are satisfied with the conclusions reached in the original opinion, but desire to make a few additional remarks on what the appellant calls its ninth proposition, wherein it is urged that the court committed fundamental error in the manner in which he submitted question No. 1, in that the same called not only for a finding of a reasonable attorney's fee for services rendered by the plaintiff's attorney in the institution and prosecution of the instant suit, but permitted the jury to include therein an element of attorney's fee for services rendered before the Industrial Accident Board in the presentation of the claim.

In approaching the question before us, it must be recognized, and it is so recognized by us, that it is a fundamental consideration that any finding, to be effective, must be supported by both the pleadings and the evidence. Judgments of the court shall conform to the pleadings, the nature of the case proved, and the verdict. Article 2211, R. S., as amended by Acts 1931, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211). The sufficiency of the evidence is not here challenged, and this is not a case or question of defective pleadings or lack of pleadings. The plaintiff's suit is authorized by article 8307, §§ 5 and 5a, of the Revised Civil Statutes of 1925. There are three elements of recovery in it: (1) It seeks to mature a claim alleged to have been awarded by the Industrial Accident Board; (2) 12 per cent. penalty as damages; and (3) reasonable attorney's fee for the prosecution and collection of the award. Texas Employers' Insurance Ass'n v. Nunamaker (Tex. Civ. App.) 278 S. W. 889.

Hence this case is not to be confused with that long line of cases wherein the appellate courts have set aside, on the basis of fundamental error, judgments that have no sup-

port in the pleadings or judgments resting on verdicts without support in the pleadings. Such holdings are correct; many of them are by this court, but have no application to the record before us because this is a case with sufficient and unchallenged pleadings on the essential and authorized elements of recovery.

If there be any vice in this case or in the judgment, it did not get there by the pleading route. The vice, if any, crept in by and through the charge to which the appellant urged no objection in the trial court, although both the statute (article 2185) and the trial court afforded it an opportunity to do so and thus facilitate an accurate trial. In other words, the vice here complained of was aptly described by this court in Largent v. Etheridge, 13 S.W.(2d) 974, 979, where a similar attack on the judgment was made by the appellant, and this court disposed of the same in this language: "The gravamen of appellant's complaint seems to be that the court, by its instructions to the jury, directed them to consider matters beyond the scope of appellee's pleading in arriving at their verdict. If the instructions had such effect and should be conceded to be error, the provisions of article 2185 supra, pronounce as the consequence of not having made timely objection to the giving of the instruction * * * and urging an assignment here to that effect, that such error is waived."

That conclusion is not only apt and correct, but applicable to the point under consideration.

If it be conceded that an incorrect element entered into the verdict and judgment in the manner indicated, and if it be further conceded that the verdict and judgment should embrace nothing by way of compensation for the attorney's services before the board, which we recognize, nevertheless, how was such a result attained? Or to what is it attributable? Unquestionably to the fact that no objection to the charge was interposed by the appellant, who is presumed to have accepted same as correct and sanctioned its submission to the jury. Not only this, but there is not to be found in this record an assignment of error to the court's giving the issue in the form stated. Neither was it mentioned in the motion for a new trial. At either juncture the learned trial court would doubtless have corrected the error and thus economized in time and expense of litigation. In this situation, the observation of Judge Speer in Law of Special Issues, p. 196, § 147, is pertinent. It is there said: "Most any error committed during the progress of the trial is capable of being cured by appropriate instructions from the court. If those supposed errors have occurred prior to the reading of the charge, the matter should be dealt with at that time. * * *"

This is evidently based upon the provisions of article 2185, R. S. 1925, which reads: "The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. *It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."* (Italics ours.) As held by the authorities, this is a highly remedial statute. Western Ind. Co. v. Toennis (Tex. Civ. App.) 250 S. W. 1098.

This statute has in fact had a salutary and beneficial effect. According to its intent and purpose, it promotes accuracy in trial, and it nowhere adds confusion in matters of judicial procedure. Its spirit and purpose is well expressed by Judge Speer in his commendable work on Law of Special Issues, in this language (page 391, § 272): "The statute imposes upon the judge the duty of preparing the charge,—and this includes the special issue,—and a corresponding duty upon the respective parties or their attorneys to inspect the same and to present objections thereto. The end sought is a most desirable one and the statute was born of the necessity evidenced by the prior common practice of lodging objections to the court's charge at any time before taking out the record, thus, as it were, laying a trap for the judge and enabling an appellant to reverse the judgment upon an objection to the charge for a vice that could and would perhaps have been readily corrected, if called to the attention of the trial judge before it was too late. The responsibility for the accuracy of the charge when it finally is read to the jury is now where it rightfully belongs; that is to say, with the judge preparing it, but only after he has been aided by such objections as the parties or their attorneys have seen fit to make thereto. The real purpose of the requirement no doubt is to secure constructive criticism."

The manner in which point 9 is presented to this court discloses that the trial court was not aided by the appellant in a correct submission of the issue to the jury.

Soon after article 2185 was enacted, its effect and purpose as stated by the author were substantially so declared by our Supreme Court in Gulf, T. & W. Railway v. Dickey, 108 Tex. 126, 187 S. W. 184. In Denman v. Pyle, 210 S. W. 335, 336, the Court of Civil Appeals at Austin, discussing the statute, used this language: "The contention that the action of the court complained of constitutes fundamental error does not aid appellants' cause. A failure to comply with the statute referred to results in a waiver of any error that can

be waived, though such error may be fundamental. We see no reason why a litigant may not waive any error in a charge or instruction given to the jury, regardless of the importance or result of the error. The statute is as comprehensive as it could well be made; and, as it contains no exceptions, we think it must be construed to include fundamental as well as other kinds of error in a charge. The Legislature had the power to so frame the law, and the fact that one of the results is to deprive appellate courts of the discretion they formerly had to reverse cases on account of fundamental error in the trial court's charge, though not complained of on appeal, is no reason why the statute should not be enforced. The Legislature, having the power to enact the law in the form it has been enacted, and there being no ambiguity about its meaning, its wisdom should not be a matter of concern to the courts."

In Alderete v. Cabello, 278 S. W. 950, 952, the El Paso Court of Civil Appeals, through Judge Higgins, in considering an objection to the court's charge, urged for the first time on appeal, said: "As to all objections to the court's charge raised for the first time in this court and submitted as fundamental error, it is sufficient to say that, under the present statute, all objections to a charge must be called to the attention of the court below. All objections not so made and presented must be considered as waived. * * * The fact that the error may be fundamental is immaterial. Gestean v. Bishop (Tex. Civ. App.) 180 S. W. 302. Errors in court charges are usually of that nature, but the statute does not except from its operation errors in the charge which are fundamental. To so hold would ingraft an exception which the Legislature did not see fit to make when the statute was enacted."

In Childress v. Pyron, 285 S. W. 1100, 1101, the San Antonio court, in commenting upon article 2185, said: "It will not do to say that the statute does not apply where the error in the charge is fundamental, as claimed here. This statute applies to every erroneous charge, real or imaginary." Citing several authorities.

The exact point here under consideration was disposed of by the Dallas Court of Civil Appeals, in Ball v. Henderson, 228 S. W. 361, 362: " * * * The case is submitted in this court on three assignments presenting what is claimed to be fundamental errors. * * * The first and second asserts, respectively, that the court erred in submitting special issue No. 1, *and the issue of exemplary damages, because there is no pleadings to support the issue and judgment.* [Italics ours.] If it should be conceded that either, or both, of these assignments presents fundamental error, the matters complained of cannot be considered on this appeal. It is admitted by appellant that no objection whatever was

urged to the court's charge in submitting either of the issues, and, in the absence of objection made and presented to the court before the charge was read to the jury, such objections as should have then been made must now be considered as having been waived"—citing authorities.

Considering a like error, the Court of Civil Appeals of Texarkana, through Judge Hodges, in the case of Hendrick v. Blount-Decker Lumber Co., 200 S. W. 171, 173, disposed of the same in the light of article 2185, as follows: "To give full effect to the terms of the later law even an error apparent upon the face of the record, when resulting from an improper charge, is waived, and the right of revision on appeal lost, when no objections are presented in the court below."

A like holding was made by that court in Parsons v. Hubbard, 226 S. W. 441, in which a writ of error was denied by the Supreme Court.

In Texas Electric R. Co. v. Crump, 212 S. W. 827, 830, the Austin Court of Civil Appeals recognized that such a point as that here under consideration was merely an attack on the charge, and disposed of it in this language: "This assignment is really an attack upon the charge of the court. Our statute provides, in effect, that a charge of the court will be regarded as approved, and any objections thereto waived, unless prior to it being read to the jury objection is made, pointing out wherein the charge is erroneous. The manifest purpose of this statutory provision is to enable the trial court to correct its errors before the law of the case is given in charge to the jury. As stated, no such objection was made to the charge, and it was too late to raise the point in a motion for new trial."

Further, we are of opinion that there are other and additional reasons why the issue complained of did not inject a reversible error into the case. The situation, from appellant's viewpoint, is analogous to that of a defendant against which judgment has been recovered for negligent death, etc. In submitting the proper elements of damage in such a case, it is held to be reversible error, when objected to, for the trial court to fail to instruct the jury, in substance, at least, that, in arriving at their verdict, they should exclude from their consideration damages resulting from physical and mental suffering, grief and sorrow, or the loss of society or companionship on account of death, etc. Texas & P. Ry. Co. v. Phillips (Tex. Civ. App.) 56 S.W.(2d) 210; Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S. W. 260; Hines v. Kelley (Tex. Com. App.) 252 S. W. 1033; International & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328.

In such a case it would not be contended that such an omission upon the part of the

trial court would be reversible error when raised for the first time in the appellate court. It is elementary that such an objection would have to be urged to the charge under article 2185, before the error would be available on appeal. This is not only analogous to the situation before us, but is perhaps a deadly parallel, compelling the conclusions which we entertain relative to the disposition to be made of point 9.

We have thus extended these remarks to make clear our view that the appellant's point 9 simply involves an attack upon the charge when it made no such attack in the trial court, and to show that the question is not one of pleading at all. We are conscious of the fact that a hard case is calculated to make hard law. History so shows, but it does not always repeat. To be sure the verdict and the judgment possibly embrace an unwarranted element of recovery, and it counts for nothing that it is doubtless insignificant in amount compared with the sum necessarily found by the jury to justly belong to the plaintiff. The primary consideration is a correct application of a legal principle or statutory rule. Nothing else is desirable. If the proposition under consideration is merely an attack on the charge, then we think that the wholesome effect of article 2185 should not be whittled away and emasculated by a new-found exception, even though an issue too generous to the plaintiff crept into the charge. The Legislature did not create such exception.

The motion for rehearing is overruled.

FUNDERBURK, J., dissenting, see 57 S.W. (2d) 1120.